UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CV-00120-BR

| | |
|---|---|
| UMG RECORDINGS, INC; SONY BMG MUSIC ENTERTAINMENT; ARISTA RECORDS, LLC; BMG MUSIC, <br><br> Plaintiffs, <br><br> v. <br><br> LALANI BLAKE, <br><br> Defendant. | **ORDER** |

This case comes before the court on Plaintiffs' 4 May 2007 Motion for Default Judgment against Defendant for violations of the Copyright Act, 17 U.S.C. § 101, *et seq*. The Clerk entered default against Defendant on 2 March 2007.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are the copyright owners or licensees of exclusive copyrights with respect to eleven sound recordings. Compl. at 2-3 & Ex. A. In their Complaint filed 17 March 2006, Plaintiffs allege that Defendant has used and continues to use an online media distribution system to download these copyrighted recordings, without the permission or consent of Plaintiffs, in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*. Compl. at 3. Plaintiffs also allege that Defendant committed these infringements despite the fact that the albums which contained the eleven recordings each displayed the proper notification of copyright, pursuant to

17 U.S.C. § 401. Compl. at 3-4. According to Plaintiffs, Defendant distributed and continues to distribute these recordings to others via an online media distribution system, also in violation of the Copyright Act. Compl. at 3.

Plaintiffs now ask the court to award them the minimum amount of statutory damages, $750, for each of the eleven instances of copyright infringement, as provided by 17 U.S.C. § 504(c), for a total award of $8,250. Mot. for Default J. ¶ 6(a). In addition, Plaintiffs request $390 for costs, pursuant to 17 U.S.C. § 505. Mot. for Default J. ¶ 6(c). Finally, Plaintiffs ask the court to enjoin Defendant from further downloading, uploading, or otherwise making available for distribution to the public, their copyrighted recordings, as authorized by 17 U.S.C. § 502. Mot. for Default J. ¶ 6(b).

## II. ANALYSIS

Defendant's failure to answer the allegations contained in the Complaint constitutes default, as well as admission of Plaintiffs' "well-pleaded allegations of fact." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). However, "a default is not treated as an absolute confession by the defendant of his liability and the plaintiff's right to recover." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Though a defendant may not challenge the sufficiency of the evidence presented to the courts, (s)he is "entitled to contest the sufficiency of the complaint and its allegations to support the judgment." Id.; see also Weft, Inc. v. G.C. Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986). For that reason, this Court must determine whether the allegations of fact in the Complaint are sufficient to state a claim for relief. Weft, 630 F. Supp. at 1141.

**A. Liability**

A plaintiff must establish two elements in a copyright infringement action under 17 U.S.C. § 501(a): first, that the plaintiff owned the copyright and second, that the defendant copied the property of the plaintiff. Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988). Plaintiffs have satisfied the first element by asserting that they held valid Certificates of Copyright Registration, issued by the Register of Copyrights, on each infringed recording. Compl. p. 2-3. The KaZaa printouts provided in Exhibits B1 and B2 to the Complaint establish the fact that the Defendant copied these recordings, and therefore satisfies the second element. Default judgment should be entered in Plaintiffs' favor on its copyright infringement claim.

**B. Damages and Costs**

In lieu of actual damages, Plaintiffs have requested only minimum statutory damages. Mot. for Default J. ¶ 6(a). Under 17 U.S.C. § 504, plaintiffs are entitled to recover either actual or statutory damages from the infringer. "The copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiffs seek $750, the minimum statutory amount, for each of the eleven recordings listed in Exhibit A of the Complaint. This Court finds such an award to be just. See, e.g., BMG Music v. Gipson, No. 8:07-CV-367, 2007 WL 1428921 (M.D. Fla. May 11, 2007) (awarding $750 for each instance of recording infringement); Elektra Entm't Group, Inc. v. Jones, No. 2:07-CV-61, 2007 WL 1395573 (N.D. Ind. May 10, 2007) (same); Warner Bros. Records, Inc. v. Novak, No. 06-5342, 2007 WL 1381748 (D.N.J. May 9, 2007) (same).

Plaintiffs also seek recovery of the costs of the action, in the sum of $390, as authorized

by 17 U.S.C. § 505. Section 505 states, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. The Fourth Circuit has identified the following factors which a court is to consider in deciding whether to award a prevailing party costs of the action. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993). The district court must consider "(1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented." Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., 74 F.3d 488, 498 (4th Cir.) (citing Rosciszewski, 1 F.3d at 234), cert. denied, 519 U.S. 809 (1996).

These factors support awarding Plaintiffs costs of this action. There is no evidence that Plaintiffs brought this action in bad faith or without reasonable legal and factual positions. In addition, the deterrence consideration is particularly strong given Defendant's repeated infringement and ability to continue to infringe in the future. As to any other relevant factors, this Court does not find any that will alter its conclusion that an award of costs is appropriate in this case. Therefore, Defendant shall pay Plaintiffs' costs in the sum of $390.

**C. Injunctive Relief**

Finally, Plaintiffs seek an injunction to enjoin Defendant from continuing to infringe Plaintiffs' copyrights. This Court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[P]ermanent injunctions are generally granted where liability has been established and

there is a threat of continuing infringement." Arista Records LLC v. Furia Sonidera, Inc., No. 05-CV-5906, 2007 WL 922406, *4 (E.D.N.Y. March 26, 2007). However, a court must still acknowledge "traditional equitable principles" by considering four factors before granting a permanent injunction. eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1840 (2006). These factors are as follows:

> (1) that [plaintiff] has suffered an irreparable injury: (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. at 1839 (citations omitted).

Irreparable injury is presumed when a plaintiff succeeds on the merits. Sony Music Entm't, Inc. v. Global Arts Prods., 45 F. Supp. 2d 1345, 1346 (S.D. Fla. 1999). Consequently, Plaintiffs need not show irreparable harm, as the entry of default provides them with success on the merits and a presumed injury. See id. The remedy available at law for this injury, monetary damages, will only compensate for Defendant's one-time infringement of each recording, and not for inevitable future transfers. Because "every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works," Plaintiffs' copyrighted recordings can be further transmitted to thousands of other online media distribution system users. Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006). An award consisting of only monetary damages will not compensate Plaintiffs for this threat of continuing injury.

As to the consideration of the balance of hardship between Plaintiffs and Defendant, the fact that Plaintiffs' recordings can be replicated into infinity, for free, establishes that a distinct

hardship rests with Plaintiffs. Defendant, on the other hand, faces little, if any, harm. These recordings will still be just as accessible to Defendant; (s)he will have to pay to download them. Also, there is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity. A permanent injunction is warranted under these circumstances.

### III. CONCLUSION

Plaintiffs' Motion for Default Judgment against Defendant Lalani Blake is GRANTED. For the above stated reasons, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Plaintiffs have and recover of Defendant Lalani Blake the sum of Eight Thousand Two Hundred and Fifty Dollars ($8,250).
2. Defendant pay Plaintiffs' costs of suit in the amount of Three Hundred and Ninety Dollars ($390).
3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220);
- "5 Steps," on album "Dru Hill," by artist "Dru Hill" (SR# 227-760);
- "Love You Down," on album "Long Time Coming," by artist "Ready For the World" (SR# 78-842);
- "Thank God I Found You," on album "Rainbow," by artist "Mariah Carey" (SR# 276-595);
- "Sexual Healing," on album "Midnight Love," by artist "Marvin Gaye" (SR# 41-

6

568);

- "Nice and Slow," on album "My Way," by artist "Usher" (SR#257-730);
- "When You Believe," on album "My Love is Your Love," by artist "Whitney Houston" (SR# 298-453);
- "Take You Out," on album "Luther Vandross," by artist "Luther Vandross" (SR# 298-047);
- "Sweet Lady," on album "Tyrese," by artist "Tyrese" (SR# 237-788);
- "Beauty," on album "Enter the Dru," by artist "Dru Hill" (SR# 290-402);
- "Ether," on album "Stillmatic," by artist "Nas" (SR# 305-698);
- Any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including without limitation by using the internet or any online media distribution to reproduce (i.e., download) any of Plaintiffs' recordings, to distribute (i.e., upload) any of Plaintiffs' recordings, or to make any of Plaintiffs' recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical

7

Case 5:06-cv-00120-BR   Document 11   Filed 06/26/07   Page 7 of 8

medium or device in Defendant's possession, custody, or control.

This 26 June 2007.

_____
W. Earl Britt
Senior U.S. District Judge